**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO. 3:14-CR-111-FDW-DCK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| **JOSE IVAN HERNANDEZ,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Supplement to Defendant's Motion to Suppress to Extend the Motion to Include Suppression of Evidence Recovered Pursuant to a Search Warrant with Respect to a Samsung Telephone – SN:RV1D92TGEBY" (Document No. 45). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, as well as preliminary oral arguments presented by Defendant on this matter at a hearing conducted on December 9, 2015, the undersigned will respectfully recommend that the motion be _denied_.

## I. BACKGROUND[1]

In a "Bill of Indictment" (Document No. 3) filed June 18, 2014, Defendant Jose Ivan Hernandez ("Defendant") was charged in the Western District of North Carolina with Count One, distribution of and possession with intent to distribute heroin – conspiracy, in violation of Title 21,

---

[1] The Court will dispense with another lengthy summary of the facts, which is available in the Court's previously filed "Memorandum and Recommendation" (Document No. 31) and its subsequent "Memorandum and Recommendation" (Document No. 49). Sufficient factual and procedural background is set forth to provide a context for the Court's decision.

United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846; and Count Two, money laundering – conspiracy, in violation of Title 18, United States Code, Section 1956(h). Following indictment, Defendant was detained on July 2, 2014, during a routine traffic stop in Riverside County, California, at which time two wireless phones belonging to Defendant were seized from the car. (Document No. 21, p.1; Document No. 27, Ex.1, p.1). During the course of questioning, agents requested Defendant's consent to search his apartment residence and the two phones, a Samsung telephone model # SGH-T199 ("T199 Phone") and a Samsung telephone model # SGH-M919 ("M919 Phone"). (Document No. 23, p.3; Document No. 27 at 35:20-35:40; Document No. 34-1, p.1; Document No. 34-2, p.1). Defendant gave his verbal consent to the agents to search his apartment residence and the T199 Phone, but refused consent to search the M919 Phone.[2] (Document No. 21, p.2). The Government searched Defendant's apartment residence and the T199 Phone pursuant to that apparent consent. The Government also filed an application, with a supporting affidavit, for a search warrant for the M919 Phone on August 28, 2014. The warrant was issued by United States Magistrate Judge David S. Cayer, and the phone was subsequently searched pursuant to that warrant.

On February 23, 2015, Defendant filed a "Motion to Su[p]press with Memorandum Incorporated [Hearing Requested]" (Document No. 21) alleging violations of Defendant's constitutional rights and moving to suppress all statements made by Defendant during custodial interrogation on July 2, 2014, all the consents to search, and all fruits of the search of Defendant's residence as tainted by those violations. The Government filed its "Response to Defendant's Motion to Suppress Evidence" (Document No. 23) on March 4, 2015, arguing that Defendant's

---

[2] Defendant did not give agents access to the M919 Phone, described as a phone "with a yellow protective case," purportedly because there were "inappropriate" pictures on it. (Document No. 23, p.3; Document No. 27 at 35:20-36:03).

consent to search was neither involuntary nor tainted by an alleged <u>Miranda</u> violation, which it essentially conceded. Defendant filed a "Supplement to Motion to Suppress and Reply to Government's Memorandum in Opposition [Hearing Requested]" (Document No. 24) on March 6, 2015, reaffirming his stance that the consent to search was involuntary, and expanding the physical fruits of the search for proposed suppression to include evidence from the T199 Phone, the search of which was conducted based on Defendant's alleged consent. The undersigned conducted a hearing regarding that matter on April 8, 2015 (Document No. 27).[3]

On July 28, 2015, this Court filed its "Memorandum and Recommendation" (Document No. 31) ("M & R") regarding that suppression matter. Based on the facts established by the foregoing briefs and the evidence presented at the hearing, the Court concluded that (1) the Defendant's <u>Miranda</u> rights were violated; (2) Defendant's consent was not voluntary; and (3) because the consent was not voluntary, the fruits of the consent-based searches should be suppressed.[4] <u>Id</u>.

In the interim, unbeknownst to the undersigned, between the April 8, 2015 hearing and the filing of the Court's M & R on July 28, 2015, the Government applied for and was granted a "Search and Seizure Warrant" (Document No. 34-1) on April 14, 2015. This search warrant was for the T199 Phone, which was included in Defendant's "Motion to Suppress" (Document No. 21),

---

[3]  Document No. 27 citations used herein refer to the audio testimony from or exhibits used during the April 8, 2015 hearing.

[4]  The "Memorandum and Recommendation" references specifically the illegal search of the Defendant's apartment residence. However, the M & R notes that the overarching Miranda violation while Defendant was detained at the police station was critical to the finding that the Defendant's consent was not voluntary. The Defendant consented to search of the T199 Phone while detained at the police station. Further, the M & R granted the Defendant's "Motion to Suppress . . ." which through its "Supplement to Motion to Suppress and Reply . . ." moves to suppress fruits of the search of the apartment residence and of the telephone.

for which Defendant had allegedly given consent to search, and which was addressed by the Court's original M & R.

On August 14, 2015, the Government filed its "Objection to July 28, 2015 Memorandum and Recommendation" (Document No. 34), arguing that Defendant's consent was voluntary and not an acquiescence to lawful authority.  In addition, the Government argued that even if the consent was voluntary, the Court should modify the recommendation to allow evidence obtained from a subsequent search of the T199 Phone conducted pursuant to the warrant issued on April 14, 2015 under the "independent source" doctrine.  (Document No. 34, pp. 9-10).  Upon review of the Objection, on August 20, 2015, Chief United States District Judge Frank Whitney, presiding judge in the case, remanded the matter to the undersigned to determine whether the independent source doctrine applied to these facts and rendered the search of the phone legal. (Document No. 44).

Defendant subsequently filed its "Partial Response to Government's Objection to July 28, 2015 Memorandum and Recommendation" (Document No. 37) on August 24, 2015, in which he contended that the independent source doctrine was inapplicable.  The Government filed its "Reply in Support of Objection to July 28, 2015 Memorandum and Recommendation" (Document No. 39) on August 28, 2015.  Finally, on September 8, 2015, Defendant replied with his "Response to Government's Reply [Doc 39] In Support of its Objection to July 28, 2015 Memorandum and Recommendation" (Document 41).  The Court set a hearing on that matter for December 9, 2015.

Two days prior to the hearing, on December 7, 2015, Defendant filed the "Supplement to Defendant's Motion to Suppress to Extend the Motion to Include Suppression of Evidence Recovered Pursuant to a Search Warrant with Respect to a Samsung Telephone – SN:RV1D92TGEBY" (Document No. 45), in which he argues for the first time that the evidence obtained from the M919 Phone—the phone for which Defendant did not give his consent to search,

which was searched instead pursuant to a warrant—should also be suppressed. Specifically, Defendant alleges that (1) the affidavit in support of the warrant does not set out probable cause, and (2) Paragraph 14 of the affidavit contains information determined by this Court to have been obtained illegally. Defendant argues further that the Government's inclusion of that information in its affidavit so taints the warrant that evidence derived from the M919 Phone constitutes fruit of the poisonous tree. (Document No. 45, p. 1).

Paragraph 14 of the August 28 affidavit for the M919 Phone reads, in pertinent part,

> On July 2, 2014, at approximately 5:00 p.m., investigators with DEA in Riverside, California served the federal arrest warrant from the WDNC on PELON. The [M919 Phone] was seized from PELON at the time of his arrest. PELON consented to a search of his residence and [the T199 Phone] but did not consent to a search of [the M919 Phone]. DEA Riverside investigators sent eh SUBJECT TELEPHONE, as well as drug ledgers seized from PELON's residence during the consent search, to Special Agent Dustin Harmon and me for analysis. I have reviewed the ledgers seized from PELON's residence and those ledgers contain evidence of PELON's involvement in drug trafficking and money laundering.

(Document No. 34-2, p.7).

Though the response period on Defendant's "Supplement to Defendant's Motion to Suppress . . ." had not yet run at the time of the December 9, 2015 hearing, the undersigned permitted Defendant to briefly address the supplemental motion to suppress during that hearing. (Document No. 47 at 36:15-37:28).

The "Government's Response to Defendant's Second Motion to Suppress" (Document No. 50) was filed on December 17, 2015, contending that Defendant's motion is not timely. (Document No. 50, p. 1). In the alternative, the Government argues that Defendant's motion should be denied because the affidavit sets forth adequate probable cause, even excising

information included in the affidavit that was allegedly obtained illegally.  (Document No. 50, pp. 2-4).

Based on the evidence presented at the hearing on December 9, 2015, as well as the facts established by the foregoing briefs, this Court concluded in its December 11, 2015, M & R (Document No. 49) that pursuant to the independent source doctrine, the search of the T199 Phone was a lawful search pursuant to the valid April 14, 2015 search warrant.  It thus concluded that the T199 Phone should be excluded from the Court's previous M & R.  (Document No. 49, p.12). This Court now addresses the sufficiency of the August 28, 2014 warrant authorizing a search of the M919 Phone.

## II.  STANDARD OF REVIEW

The fluid concept of probable cause is stated well in Franks v. Delaware:

> [T]he Supreme Court has explained that probable cause plainly "exist[s] where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). An assessment of the presence of probable cause must be based on the totality of the relevant circumstances, rather than on the technical or rigid demands of a formulaic legal test. See Illinois v. Gates, 462 U.S. 213, 230–31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); United States v. Blackwood, 913 F.2d 139, 142 (4th Cir.1990). In making a probable cause assessment, a judicial officer must simply make "a practical, commonsense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238.

Franks v. Delaware, 438 U.S. 154, 171-72 (1978).

That an affidavit makes mention of a prior illegal search does not automatically invalidate the resulting warrant.  U.S. v. Karo, 468 U.S. 705, 179 (1984).  Rather, information relating to the prior illegal search will invalidate the resulting warrant only when that information was "critical

to establishing probable cause for the issuance of the warrant.  Id.  However, if setting to one side illegally-obtained information, "sufficient untainted evidence was presented in the warrant affidavit to establish probable cause, the warrant [is] nevertheless valid."  Karo, 468 U.S. at 179 (citing Franks, 438 U.S. at 172).

### III.  DISCUSSION

The issue before the Court is whether the Government's affidavit in support of its application for a search warrant for the M919 Phone contains sufficient probable cause, and whether reference within the affidavit to searches conducted in reliance on consent later found to be involuntary taints the affidavit such that the warrant is invalid.

Probable cause, traditionally and in modern jurisprudence, is a "fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules."  Gates, 462 U.S. at 232.  An affidavit contains sufficient probable cause when "the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing," that there is a "fair probability that contraband or evidence of a crime will be found in a particular place."  Carroll v. U.S., 267 U.S. 132, 161 (1925);  Gates, 462 U.S. at 238.

An affidavit's reference to inaccurate, improper, or illegally obtained evidence does not automatically invalidate a warrant.  Franks, 438 U.S. at 172.  Rather, a warrant is not invalidated unless it fails a so-called Franks analysis;  that is, having excised the offending information, the untainted portion of the affidavit fails to set forth probable cause.  Id.;  Karo, 468 U.S. at 719;  U.S. v. Allen, 631 F.2d 164, 171-73 (4th Cir. 2011).

In his "Supplement to Defendant's Motion to Suppress . . ." (Document 45), Defendant for the first time challenges the admissibility of the evidence obtained from a warrant-based search of

the M919 Phone. (Document No. 45, p.1). Specifically, Defendant argues that the affidavit does not provide sufficient probable cause. Id. Defendant further contends that the inclusion of information obtained in violation of Defendant's constitutional rights (in Paragraph 14 of the affidavit) taints the affidavit such that the warrant for the M919 Phone should be invalidated and the resulting evidence should be suppressed. Id.

In its "Government's Opposition to Defendant's Second Motion to Suppress" (Document No. 50), the Government maintains its position that the information included in Paragraph 14 of the affidavit was not obtained in violation of Defendant's constitutional rights. (Document No. 50, pp. 1-2). However, the Government argues, assuming a constitutional violation did occur, the untainted portion of the affidavit sets forth sufficient probable cause. (Document No. 50, pp.2-5).

In its original M & R (Document No. 49), this Court concluded that Defendant's consent to search was not voluntary, and thus the search of Defendant's apartment residence and the T199 Phone were conducted in violation of Defendant's Fourth Amendment rights. (Document No. 49, p. 16). Evidence obtained from Defendant's apartment residence is referenced in Paragraph 14 of the affidavit, and therefore the affidavit contains information that was obtained illegally. Applying the Supreme Court's holdings in Franks v. Delaware, 438 U.S. at 172, and United States v. Karo, 468 U.S. at 719, the proper inquiry becomes whether, setting aside Paragraph 14, the August 28, 2014 affidavit for the M919 Phone contains adequate probable cause. The undersigned finds that it does.

This Court has essentially already considered, and made a recommendation as to the sufficiency of, the very affidavit in question here. As noted in its most recent M & R (Document No. 49), the affidavits to search the T199 and the M919 Phones are virtually identical in substance. They differ, almost solely, in the paragraphs that Defendant has challenged. In the earlier motion

to suppress evidence from the T199 Phone, Defendant argued that a footnote referencing the consent-based search of the T199 Phone tainted the affidavit. Now, Defendant contends that the warrant to search the M919 Phone is also invalid because Paragraph 14 references the consent-based search of the T199 Phone and Defendant's apartment residence. Thus, this Court has already reviewed the non-offending portions of the April 14, 2015 affidavit for the T199 Phone and the August 28, 2014 affidavit for the M919 Phone for sufficiency of probable cause. That is, the Court has already excised the offending portions of the affidavit in question and conducted a probable cause analysis.

Upon the further review urged by Defendant, this Court concludes that the August 28, 2014 affidavit to search the M919 Phone presents facts such that any reasonable Magistrate Judge would have found sufficient probable cause to issue a warrant. Like the April 14, 2015 affidavit, the "untainted" portion of the August 28, 2014 affidavit provides ample support for a probable cause finding:

> In brief, the affidavit describes a nineteen-month investigation into a drug trafficking organization of which Hernandez was identified as a leader. Hernandez was indicted in June 2014, around the same time that investigators began to monitor and record telephone calls and text messages between Hernandez and a cooperating confidential source. These calls and messages directed agents to two USPS packages, which contained roughly 800 grams of heroin and 888 grams of methamphetamine respectively. Hernandez's fingerprints were found on the latter package.

(Document No. 50, pp. 10-11).

The duration of the investigation, the prominent role of Hernandez' telephone in conducting his affairs, and the connection between recorded phone calls and text messages and packages containing drugs supports at least a "fair probability" that evidence would be found in any phone in Hernandez' possession.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Supplement to Defendant's Motion to Suppress to Extend the Motion to Include Suppression of Evidence Recovered Pursuant to a Search Warrant with Respect to a Samsung Telephone – SN:RV1D92TGEBY"  (Document No. 45) be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 13, 2016

David C. Keesler
United States Magistrate Judge