UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO. 3:14-cr-111-FDW-DCK

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| JOSE IVAN HERNANDEZ | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Jose Ivan Hernandez's Motion to Suppress (Doc. No. 21) and supplements thereto (Doc. Nos. 24, 45). Pursuant to 28 U.S.C. § 636(b), the pending Motion was referred to Magistrate Judge David Keesler who entered three separate Memoranda and Recommendations ("M&Rs"). (Doc. Nos. 31, 49, 54). The first M&R was filed on July 28, 2015 ("M&R 1"); the second was filed on December 11, 2015 ("M&R 2"); the third was filed on January 14, 2016 ("M&R 3"). M&R 1 and M&R 2 afforded the parties a standard time period in which to file objections. As explained below, M&R 1 and M&R 2 (Doc. Nos. 31, 49) are hereby **ADOPTED** in whole.

M&R 3, filed on January 14, 2016, specifically addresses Defendant's last filed supplement to his Motion, the "Supplement to Defendant's Motion to Suppress to Extend the Motion to Include Suppression of Evidence Recovered Pursuant to a Search Warrant with Respect to a Samsung Telephone – SN:RV1D92TGEBY." (Doc. No. 54). The time for filing objections to M&R 3 has not expired. However, because of the impending trial date, the presence of a sufficient record on which to base its ruling, and in the interests of justice, the Court finds it need not await the filing of objections. Therefore, the Court will review M&R 3 *de*

1

*novo* and no further objections will be entertained. Having carefully considered the Motion, the record, and applicable authority, as well as reviewing the oral arguments presented on this matter at a hearing conducted before a magistrate on December 2, 2015, Defendant's "Supplement to Defendant's Motion to Suppress to Extend . . . to a Samsung Telephone – SN:RV1D92TGEBY" is **DENIED** and M&R 3 is adopted as explained herein.

## I. BACKGROUND

In a "Bill of Indictment" (Doc. No. 3) filed June 18, 2014, Defendant Jose Ivan Hernandez ("Defendant") was charged in the Western District of North Carolina with Count One, distribution of and possession with intent to distribute heroin – conspiracy, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846; and Count Two, money laundering – conspiracy, in violation of Title 18, United States Code, Section 1956(h).

Following indictment and during a routine traffic stop in Riverside County, California, Defendant was arrested pursuant to an arrest warrant issued in the Western District of North Carolina on July 2, 2014. At the time of arrest, agents seized from the vehicle two wireless phones belonging to Defendant. (Doc. No. 21, p.1; Doc. No. 27, Ex.1, p.1). During the course of questioning, agents requested Defendant's consent to search his apartment residence and the two phones seized from his vehicle, a Samsung telephone model # SGH-T199 ("T199 Phone") and a Samsung telephone model # SGH-M919 ("M919 Phone"). (Doc. No. 23, p.3; Doc. No. 27 at 35:20-35:40; Doc. No. 34-1, p.1; Doc. No. 34-2, p.1). Defendant gave his verbal consent to the agents to search his apartment residence and the T199 Phone, but refused consent to search the M919 Phone. (Doc. No. 21, p.2). Government agents searched Defendant's apartment residence and the T199 Phone pursuant to that apparent consent. Government agents also filed an application, with a supporting affidavit, for a search warrant for the M919 Phone on August

28, 2014. The warrant was issued by United States Magistrate Judge David S. Cayer, and the M919 phone was subsequently searched pursuant to that warrant.

On February 23, 2015, Defendant filed a "Motion to Su[p]press with Memorandum Incorporated [Hearing Requested]" (Doc. No. 21) alleging violations of Defendant's constitutional rights and moving to suppress all statements made by Defendant during custodial interrogation on July 2, 2014, all the consents to search, and all fruits of the search of Defendant's residence as tainted by those violations. The Government filed its "Response to Defendant's Motion to Suppress Evidence" (Doc. No. 23) on March 4, 2015, arguing that Defendant's consent to search was neither involuntary nor tainted by a Miranda violation, which the Government essentially conceded occurred. On March 6, 2015, Defendant filed a "Supplement to Motion to Suppress . . ." reaffirming his stance that the consent to search was involuntary. (Doc. No. 24). In this supplement, Defendant expanded his argument on the physical fruits of the search for proposed suppression to include evidence from the T199 Phone, the search of which was conducted based on Defendant's alleged consent.

On April 8, 2015, Magistrate Judge Keesler conducted a hearing regarding that suppression matter. (Doc. No. 27). On July 28, 2015, Magistrate Judge Keesler submitted M&R 1. (Doc. No. 31). Based on the facts established by the aforementioned briefs and the evidence presented at the hearing, M&R 1 concluded that (1) Defendant's Miranda rights were violated; (2) Defendant's consent was not voluntary; and (3) because the consent was not voluntary, the fruits of the consent-based searches should be suppressed. Id.

Between the April 8, 2015, hearing and the filing of M&R 1 on July 28, 2015, and unbeknownst to the magistrate at the time, the Government applied for and was granted a "Search and Seizure Warrant" (Doc. No. 34-1) on April 14, 2015. This search warrant was for

3

the T199 Phone for which Defendant had allegedly given consent to search. Defendant's "Motion to Suppress" (Doc. No. 21) included the T199 phone, and M&R 1 recommended it be suppressed. (Doc. No. 31).

On August 14, 2015, the Government filed its "Objection to [M&R 1]" (Doc. No. 34), arguing error in M&R 1 because Defendant's consent was voluntary and not an acquiescence to lawful authority. In addition, the Government argued that even if the consent was involuntary, the Court should modify the recommendation to allow evidence obtained from a subsequent search of the T199 Phone under the "independent source" doctrine. (Doc. No. 34, pp. 9-10). Upon review of the Objection, on August 20, 2015, the Court remanded the matter to the magistrate to determine whether the independent source doctrine applied to these facts and rendered the search of the phone legal. (Doc. No. 44).

On August 24, 2015, Defendant filed his "Partial Response to Government's Objection to [M&R 1]" contending that the independent source doctrine was inapplicable. (Doc. No. 37). On August 28, 2015, the Government filed its Reply in Support. (Doc. No. 39). Finally, on September 8, 2015, Defendant filed his "Response to Government's Reply . . ." (Doc. 41). The Court set a hearing on that matter for December 9, 2015.

Two days prior to the hearing, on December 7, 2015, Defendant filed the "Supplement to Defendant's Motion to Suppress to Extend . . . to a Samsung Telephone – SN:RV1D92TGEBY" (Doc. No. 45), in which he argued for the first time that the evidence obtained from the M919 Phone—the phone for which Defendant did not give his consent to search, but which instead was initially searched pursuant to a warrant—should also be suppressed. Specifically, Defendant alleged that (1) the affidavit in support of the warrant does not set out probable cause, and (2) Paragraph 14 of the affidavit contains information determined by this Court to have been

illegally obtained. Defendant argued further that the Government's inclusion of that information in its affidavit so taints the warrant that evidence derived from the M919 Phone constitutes fruit of the poisonous tree. (Doc. No. 45, p. 1). Paragraph 14 of the August 28 affidavit for the M919 Phone reads, in pertinent part:

> On July 2, 2014, at approximately 5:00 p.m., investigators with DEA in Riverside, California served the federal arrest warrant from the WDNC on PELON. The [M919 Phone] was seized from PELON at the time of his arrest. PELON consented to a search of his residence and [the T199 Phone] but did not consent to a search of [the M919 Phone]. DEA Riverside investigators sent the SUBJECT TELEPHONE, as well as drug ledgers seized from PELON's residence during the consent search, to Special Agent Dustin Harmon and me for analysis. I have reviewed the ledgers seized from PELON's residence and those ledgers contain evidence of PELON's involvement in drug trafficking and money laundering.

(Doc. No. 45-1, p.7).

Though the response period on Defendant's "Supplement to Defendant's Motion to Suppress . . ." had not expired at the time of the December 9, 2015, hearing, the magistrate permitted Defendant to briefly address the supplemental motion to suppress during that hearing. (Doc. No. 47 at 36:15-37:28).

On December 17, 2015, the Government's filed its "Response to Defendant's Second Motion to Suppress" contending that Defendant's motion was not timely. (Doc. No. 50, p.1). In the alternative, the Government argued that Defendant's motion should be denied because the affidavit sets forth adequate probable cause, even with allegedly illegally obtained information included excised from the affidavit. (Doc. No. 50, pp. 2-4).

Based on the evidence presented at the hearing on December 9, 2015 as well as the facts established by the supporting briefs, M&R 2 concluded that, under the independent source doctrine, the search of the T199 Phone was a lawful search pursuant to the valid April 14, 2015,

5

search warrant. (Doc. No. 49). The magistrate thus concluded that the T199 Phone should be excepted from M&R 1's recommendation. (Doc. No. 49, p.12).

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). If a party timely files "specific written objections" to the proposed recommendations, the "district judge must consider de novo any objection to the magistrate judge's recommendation." Fed.R.Crim.P. 59(b)(3); see also 28 U.S.C. § 636. Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The matter now before the Court presents a somewhat unusual procedural posture. Because the referral of Defendant's Motion to Suppress has resulted in the production of three separate M&Rs—of which, M&R 1 and M&R 2 received objections while M&R 3, due to limited time before trial, has not—the Court will conduct its review in two parts. The Court first will address M&R 1 and M&R 2, in light of the objections specifically raised by the parties. Next, it will undertake a *de novo* review of the issues relating to M&R 3 in lieu of a period in which objections may be filed.

### A. M&R 1 and M&R 2

Upon careful consideration of the entire record, the Court adopts the recommendations set forth in M&R 1 and M&R 2 and specifically concludes that: (1) Defendant's inculpatory statements elicited in violation of Miranda be suppressed; (2) tangible evidence seized from Defendant's apartment residence in violation of the Fourth Amendment be suppressed; and (3) the T199 phone is **not** suppressed as it was lawfully searched pursuant to a valid warrant under the

independent source doctrine. The Court finds that the M&Rs employed the correct legal standards[1] and the findings are appropriate in light of the entire evidentiary record. Accordingly, the recommendations set forth in the M&R 1 and M&R 2 are adopted in whole. The Court now addresses the sufficiency of the August 28, 2014, warrant authorizing a search of the M919 Phone.

**B. M&R 3**

This Circuit's approach to the fluid concept of probable cause is succinctly stated in U.S. v. Allen:

> [T]he Supreme Court has explained that probable cause plainly "exist[s] where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L.Ed.2d 911 (1996). An assessment of the presence of probable cause must be based on the totality of the relevant circumstances, rather than on the technical or rigid demands of a formulaic legal test. See Illinois v. Gates, 462 U.S. 213, 230–31, 103 S. Ct. 2317, 76 L.Ed.2d 527 (1983); United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). In making a probable cause assessment, a judicial officer must simply make "a practical, commonsense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238.

631 F.3d 164, 172 (4th Cir. 2011).

An affidavit's mention of a prior illegal search does not automatically invalidate the resulting warrant. U.S. v. Karo, 468 U.S. 705, 179 (1984). Rather, information relating to the prior illegal search will invalidate the resulting warrant only when that information was "critical to establishing probable cause for the issuance of the warrant. Id. However, if setting to one side illegally-obtained information, "sufficient untainted evidence was presented in the warrant

---

[1] The Court specifically notes that the M&R correctly applied both Murray prongs in its consideration of the government's "independent source" argument relating to the T199 phone as required by U.S. v. Hill, 776 F.3d 243 (4th Cir. 2015).

affidavit to establish probable cause, the warrant [is] nevertheless valid." Id. (citing Franks v. Delaware, 438 U.S. 154, 172 (1978)).

### III. DISCUSSION

The two issues before the Court are: (1) whether the Government's affidavit in support of its application for a search warrant for the M919 Phone contains sufficient probable cause; and (2) whether reference within the affidavit to searches conducted in reliance on consent later found to be involuntary taints the affidavit such that the warrant is invalid. These two issues are, essentially, interrelated.

Probable cause, traditionally and in modern jurisprudence, is a "fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." Gates, 462 U.S. at 232. An affidavit contains sufficient probable cause when "the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing," that there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Carroll v. U.S., 267 U.S. 132, 161 (1925); Gates, 462 U.S. at 238.

An affidavit's reference to inaccurate, improper, or illegally obtained evidence does not automatically invalidate a warrant. Franks, 438 U.S. at 172. Rather, a warrant is not invalidated unless it fails a so-called Franks analysis; that is, having excised the offending information, the untainted portion of the affidavit fails to set forth probable cause. Id.; Karo, 468 U.S. at 719; Allen, 631 F.2d at 171-73.

In his "Supplement to Defendant's Motion to Suppress . . ." (Document 45), Defendant for the first time challenges the admissibility of the evidence obtained from a warrant-based search of the M919 Phone. (Document No. 45, p.1). Specifically, Defendant argues that the affidavit does

not provide sufficient probable cause. Id. Defendant further contends that the inclusion of information obtained in violation of Defendant's constitutional rights (in Paragraph 14 of the affidavit) taints the affidavit such that the warrant for the M919 Phone should be invalidated and the resulting evidence should be suppressed. Id.

In its "Government's Opposition to Defendant's Second Motion to Suppress" (Document No. 50), the Government maintains that the information included in Paragraph 14 of the M919 affidavit was not obtained in violation of Defendant's constitutional rights. (Document No. 50, pp. 1-2). However, the Government argues, assuming a constitutional violation did occur, the untainted portion of the affidavit sets forth sufficient probable cause. (Document No. 50, pp. 2-5).

By adopting M&R 1 and M&R 2, the Court has concluded that Defendant's consent to search was not voluntary, and thus the search of Defendant's apartment residence and the T199 Phone were conducted in violation of Defendant's Fourth Amendment rights. (See Document No. 49, pp. 3-4). Evidence obtained from Defendant's apartment residence is referenced in Paragraph 14 of the affidavit, and therefore the affidavit contains information that was obtained illegally. Applying the Supreme Court's holdings in Franks, 438 U.S. at 172, and Karo, 468 U.S. at 719, the proper inquiry thus becomes whether, setting aside Paragraph 14, the August 28, 2014, affidavit for the M919 Phone contains adequate probable cause. The Court finds that it does.

The affidavits to search the T199 and the M919 Phones are virtually identical in substance. They differ, almost solely, in the paragraphs that Defendant has challenged. (See Doc. Nos. 34-1, pp. 11-15; 45-1, p.9). In the motion to suppress evidence from the T199 Phone, Defendant argued that a footnote referencing the consent-based search of the T199 Phone tainted the affidavit. (Doc. No. 37, p.2). Following the Court's remand to the magistrate to determine the applicability of the

independent source doctrine to the T199 phone, M&R 2 employed the two-prong Murray analysis required by this Circuit. See U.S. v. Hill, 776 F.3d 243, 251-53 (4th Cir. 2015). In this case, the determination of Murray's second prong (i.e. whether a prior illegal search affected the magistrate's decision to issue a warrant) necessarily required the excise of illegally obtained information from the warrant affidavit. (Doc. No. 45, pp. 10-12). The Court has concluded that, excised of any reference to the consent-based search, the T199 affidavit presented facts sufficient to support a finding of probable cause to issue a search warrant.

With respect to the M919 phone, Defendant contends that the warrant to search the M919 Phone is also invalid because Paragraph 14 of the warrant affidavit references the consent-based search of the T199 Phone and Defendant's apartment residence. Thus, the Court has already reviewed the non-offending portions of the April 14, 2015, affidavit for the T199 Phone that are virtually identical to the August 28, 2014, affidavit for the M919 Phone for sufficiency of probable cause. That is, the Court has already conducted a Franks-analysis by excising the offending portions of the affidavit in question and conducting a probable cause analysis.

Upon the further review urged by Defendant, the Court rules that the August 28, 2014, affidavit to search the M919 Phone presents facts such that sufficiently state probable cause to issue a warrant. Like the T199 affidavit, the "untainted" portion of the M919 affidavit provides ample support for a probable cause finding:

> In brief, the affidavit describes a nineteen-month investigation into a drug trafficking organization of which Hernandez was identified as a leader. Hernandez was indicted in June 2014, around the same time that investigators began to monitor and record telephone calls and text messages between Hernandez and a cooperating confidential source. These calls and messages directed agents to two USPS packages, which contained roughly 800 grams of heroin and 888 grams of methamphetamine respectively. Hernandez's fingerprints were found on the latter package.

(Doc. No. 49, pp. 11-12).

The duration of the investigation, the prominent role of Hernandez's telephone in conducting his affairs—including "consensually monitored and recorded telephone calls and text messages" to law enforcement's confidential source, and the connection between recorded phone calls and text messages and packages containing drugs supports at least a "fair probability" that evidence would be found in any phone in Hernandez's possession.

## IV. ORDER

**IT IS THEREFORE ORDERED** that M&R 1 (Doc. No 31) is **ADOPTED** in whole and, accordingly, Defendant's Motion to Suppress evidence elicited in violation of Defendant's Fourth and Fifth Amendment Rights (Doc. No. 21)—specifically, Defendant's inculpatory statements and the tangible evidence gathered from the unconstitutional search of Defendant's residence—is **GRANTED**.

**IT IS FURTHER ORDERED** that M&R 2 and M&R 3 are **ADOPTED** in whole and, accordingly, Defendant's Supplements to his Motion to Suppress (Doc. Nos. 45, 50)—specifically evidence relating to, and gathered from, the T199 and M919 phones—are **DENIED**.

**IT IS SO ORDERED.**

Signed: January 25, 2016

Frank D. Whitney
Chief United States District Judge