UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00422-FDW
(3:14-cr-00111-FDW-DCK-1)

| | |
|---|---|
| JOSE IVAN HERNANDEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On June 18, 2014, Petitioner Jose Ivan Hernandez ("Petitioner") was charged in a Bill of Indictment with one count of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846 (Count One) and one count of money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Two). [CR Doc. 3 at 1-2: Bill of Indictment]. Petitioner proceeded to trial on these charges. At the trial, the parties agreed that the Government had offered Petitioner a plea agreement pursuant to which Petitioner would plead guilty to Count Two in exchange for the Government's dismissal of Count One. [CR Doc. 93 at 4-5: Trial Tr.]. Petitioner testified that he was "fully advised" of this plea offer and that he

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:18-CV-00422-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00111-FDW-DCK-1.

personally decided to reject that offer. [Id. at 4-6]. A jury convicted Petitioner on both counts. [CR Doc. 66: Jury Verdict].

Before sentencing, a probation officer prepared a Presentence Investigation Report. [CR Doc. 71: PSR]. The probation officer recommended a Total Offense Level (TOL) of 42 and a Criminal History Category of I, yielding a guidelines range of a term of imprisonment of 360 months to life. [Id. at ¶¶ 37, 42, 60]. The TOL involved a base offense level of 36 for Count Two (which included base level of 34 for Count One based on a drug amount of a marijuana equivalency of 25,144.1 kilograms plus a two-level increase for use of a credible threat of violence), a two-level increase for Petitioner's conviction under 18 U.S.C. § 1956, and a four-level enhancement for Petitioner's role in the offense. [Id. ¶¶ 22, 23, 28, 29, 31]. The Government objected to, among other things, the probation officer's base offense level calculation for Count One, arguing that an additional two levels should be added for importation of a controlled substance. [CR Doc. 69 at 3, 5: Govt. Objection to PSR].

Petitioner was sentenced on June 28, 2016. The Court heard extensive evidence bearing on the offense level calculation and the guideline range. The Court sustained the Government's objection related to Petitioner's direct involvement in the importation of a controlled substance pursuant to §2D1.1(b)(1) and increased his TOL from 42 to 44, which yielded a guidelines range of life imprisonment. [CR Doc. 78: Statement of Reasons]. Counsel for both sides argued their positions on sentencing factors under § 3553(a). Petitioner's counsel argued at length, specifically addressing each factor in detail, and requested a sentence of 15 years. [CR Doc. 94 at 80-85]. Petitioner's counsel cited Petitioner's history and circumstances, including his lack of criminal history, the fact that he would be deported, and the need for deterrence. [Id.]. Petitioner addressed the Court, asking for leniency given his mother's health and stating, "I swear to you on my mother

… and on my son that all of this that I'm being charged within I'm not guilty of, Your Honor." [Id. at 86]. The Government, on the other hand, argued that "virtually all of the 3553(a) factors support a guidelines sentence in this case," and that it "[saw] no basis not to impose a guideline sentence." [Id. at 90].

The Court noted that Petitioner was involved in a "very extensive and sophisticated conspiracy" that distributed "an extraordinary amount of drugs." [Id. at 93]. The Court concluded he was a major player in the conspiracy, did business with dealers in Mexico, and was dangerous. [Id. at 94]. In fashioning a sentence, the Court granted a "modest variance" below the guidelines range of life, stating that a life sentence "[was] not just punishment in this case since the instant offense did not involve crimes of violence such as rape, murder, etc." [CR Doc. 78 at 3]. The Court sentenced Petitioner to a term of imprisonment of 432 months on Count One and a term of imprisonment of 240 months on Count Two, to be served concurrently, for a total term of imprisonment of 432 months. [CR Doc. 77 at 2: Judgment]. Petitioner appealed, filing a brief pursuant to Anders v. California, 386 U.S. 738 (1967), conceding there were no meritorious issues for appeal. [CR Doc. 95]. The Fourth Circuit affirmed Petitioner's conviction and sentence. [Id.].

On August 1, 2018, Petitioner timely filed the instant motion to vacate under § 2255. [CV Doc. 1, 1-1]. Petitioner argues that he received in effective assistance of counsel in the plea process because Petitioner was "never advised of the likely sentence he would receive if he went to trial," and his attorney "failed to explore the possibility of resolving the proceedings with a plea of guilty." [CV Doc. 1-1 at 8-9]. Petitioner also argues that he received ineffective assistance at sentencing because his counsel failed to adequately prepare for and present evidence to support a lower sentence under the § 3553(a) sentencing factors. [Id. at 10-11]. The Government, on this Court's Order, timely responded. [CV Docs. 2, 3]. Petitioner did not reply.

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential," as it "is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude

4

that a particular act or omission of counsel was unreasonable." Id. Further, counsel has "wide latitude … in making tactical decisions." Id.

A petitioner must also establish prejudice in the form of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Defendants are entitled to effective assistance of competent counsel during plea negotiations. McMann v. Richardson, 397 U.S. 759, 771, 90 S. Ct. 1441 (1970). Effective assistance of counsel at the plea-bargaining stage requires that defense counsel "communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145, 132 S. Ct. 1399, 1408 (2012). This duty certainly applies where a plea offer is formal and with a fixed expiration date. Id. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance," a petitioner must "show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Frye, 566 U.S. at 147, 132 S. Ct. at 1409.

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

> A. Plea Process

Here, Petitioner claims that his attorney failed to explore the possibility of resolving the case with a guilty plea. This claim is wholly without merit. The record, including Petitioner's unequivocal testimony at trial, establishes that the Government offered Petitioner a plea deal pursuant to which Count One would be dismissed in exchange for Petitioner's plea of guilty to Count Two.[2] Petitioner personally decided to reject this deal and to proceed to trial. Further, Petitioner's claim that he was not advised of the sentence he would likely face if he proceeded to trial is too vague and conclusory to warrant relief. United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). He, likewise, has not established prejudice. Strickland, 466 U.S. at 694. It is worth nothing that it was Petitioner's choice, not his attorney's, to reject the plea offer and to proceed to trial, thereby exposing himself to the possibility of a higher sentence. The Court, therefore, will deny Petitioner's motion on these grounds.

---

[2] It appears that Petitioner's memorandum, which sets forth Petitioner's grounds for relief in the first instance, is simply cut and pasted from some other habeas petitioner's motion for relief. Several times in the memorandum Petitioner is referenced as "her." In addition to the wholly unsupported argument that Petitioner's attorney failed to explore the possibility of a plea, the memorandum references Petitioner's "drug addiction, which resulted in his making almost daily purchases of illegal drugs to satisfy *her* cravings." [Doc. 1-1 at 10 (emphasis added)]. As such, it is unclear whether any grounds claimed by Petitioner are legitimately advanced.

6

### B. Sentencing

Petitioner vaguely claims that his attorney failed to request information regarding his criminal history, family ties, or character, which he asserts counsel may have been able to use to argue for a lower sentence. [CV Doc. 1-1 at 10]. He further argues that counsel was inadequately prepared to argue the sentencing factors that were favorable to him, did not introduce evidence of Petitioner's drug addiction, and did not ask the Court to recommend treatment through the Residential Treatment Drug and Alcohol Program. [Id.]. Petitioner contends that this "put[ ] him at risk of additional jail time not justified by the facts of his case." [Id.].

Petitioner's argument is, again, not well taken. His history and characteristics were set forth in the PSR. His attorney effectively highlighted the relevant facts for the Court in his sentencing memorandum and during the sentencing hearing. [See CR Docs. 74, 94]. Further, the record shows that the Court recognized Petitioner's substance abuse issues at sentencing and recommended he receive treatment. [CR Doc. 94 at 97]. Additionally, Petitioner cannot show deficient performance or prejudice where his attorney persuaded the Court to vary below the guideline range of life imprisonment, despite Petitioner's leadership role in an extensive drug trafficking conspiracy that distributed a very large amount of drugs. Petitioner's contention that his attorney's performance subjected him to greater punishment than he might otherwise have received is unsupported and wholly conclusory. See Dyess, 730 F.3d at 359-60. In short, Petitioner has failed to demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal, 188 F.3d at 249.

In sum, Petitioner's motion to vacate will be dismissed for Petitioner's failure to show that his counsel's performance was deficient or that he was prejudiced thereby. See Strickland, 466 U.S. at 687-88.

7

Case 3:14-cr-00111-FDW-DCK   Document 100   Filed 09/04/20   Page 7 of 8

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: September 4, 2020

Frank D. Whitney
United States District Judge