UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00111-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JOSE IVAN HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motions for Compassionate Release, (Doc. Nos. 101, 112), filed *pro se*. The Government responded in opposition (Doc. No. 104). This matter is ripe for ruling. For the reasons that follow, Defendant has not shown extraordinary and compelling reasons to warrant a sentence reduction, and the Court's consideration of the relevant § 3553(a) sentencing factors call for full service of the sentence as imposed. Therefore, as explained below, the Court DENIES Defendant's Motions for Compassionate Release.

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and argues extraordinary and compelling reasons, along with consideration of the 18 U.S.C. § 3553(a) factors, support his request to reduce his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to

1

the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release.").[1]

Here, it appears Defendant filed a request with the prison warden on January 5, 2021, asking for compassionate release because "I'm at high risk, my BMI is higher than 30 days [sic]." (Doc. No. 101-1, p. 7). Defendant filed the instant motion prior to the expiration of 30 days from the request to the warden, and he has failed to update the docket to show he has exhausted his administrative remedies. The Government contends this is a sufficient basis to deny the instant motion. However, given the duration for which this motion has been pending, as well as Defendant's more recent filings (Doc. No. 114), it appears as though Defendant's request was denied by the Bureau of Prisons. Therefore, the Court can presume without deciding that the administrative exhaustion requirement is satisfied. The Court thus turns its analysis to whether extraordinary and compelling reasons exist to reduce Defendant's sentence and consideration of the relevant § 3553(a) factors.

After reviewing the record, the Court concludes that Defendant's pleadings fail to demonstrate extraordinary and compelling circumstances to warrant a reduction. See Kibble, 992

---

[1] Here, the Government argues several factors within U.S.S.G. § 1B1.13 support its opposition to Defendant's motion to reduce his sentence. Since the filing of the parties' briefs, however, the Fourth Circuit has explained it is error for a district court to apply U.S.S.G. § 1B1.13 unless a request for compassionate release is made "[u]pon motion of the Director of the Bureau of Prisons ['BOP']." United States v. McCoy, 981 F.3d 271, 281–83 (4th Cir. 2020) (holding that "There is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)."); see also Kibble, 992 F.3d 326, 331 (4th Cir. 2021) (affirming denial of compassionate release motion "[n][otwithstanding the district court's error in applying USSG § 1B1.13" after explaining "Mr. Kibble filed his motion for compassionate release directly with the district court; the Director of the BOP did not submit it on his behalf. Accordingly, USSG § 1B1.13 did not apply to Mr. Kibble's request. The district court erred in holding otherwise."). It is undisputed Defendant, and not the BOP, filed the instant motion. The Court has accordingly reviewed the helpful but non-binding guidance from U.S.S.G. § 1B1.13, while also recognizing that this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." McCoy, 981 F.3d at 284 (quotation omitted; emphasis in original).

F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). The Court acknowledges the Defendant's asserted medical conditions, which include having been diagnosed with COVID-19, chronic headache, chest pain, wheezing, nose bleeding, left and right side pain, and nausea. (Doc. No. 101). These conditions do not rise to the level of "extraordinary or compelling" under this record, particularly where it appears Defendant has been receiving regular medical care, treatment, and medications as needed for his underlying health conditions. (Doc. No. 108). Most remarkably, Defendant has been diagnosed with, treated for, and recovered from COVID-19, which indicates the level of medical care and treatment he is receiving at his current place of incarceration. Defendant's general concern of recontracting the virus, even with his asserted medical conditions, does not qualify as extraordinary and compelling reasons to reduce his sentence.

Construing his motion liberally, Defendant appears to argue that his imprisonment during the COVID-19 pandemic constitutes extraordinary and compelling circumstances that warrant a sentence reduction. As my fellow colleague from the Middle District of North Carolina has explained:

> While circumstances that "undoubtedly increase a prison sentence's punitive effect" may constitute extraordinary and compelling circumstances in some individual cases, United States v. Kibble, 992 F.3d 326, 336 (4th Cir. 2021) (Gregory, J., concurring), if every defendant who experiences hardship during their incarceration is entitled to a finding of extraordinary and compelling circumstances, compassionate release would become the "exception that swallows the general rule of finality." United States v. Hancock, No. 1:06-CR-206-2, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021). This is particularly true of inmates confined in congregate living situations during the COVID-19 pandemic.

United States v. Chavis, No. 1:18-CR-481-3, 2021 WL 2784653, at *3 (M.D.N.C. July 2, 2021). Moreover, the hardships that Defendant claims to have experienced in prison during the COVID-

19 pandemic are not particular to Defendant. "Many inmates, as well as non-incarcerated individuals, have been infected with the COVID-19 virus and survived (or feared being infected with the virus), lost close relatives or friends due to the pandemic, and endured isolation, limits on movement, and other restrictive protocols during the pandemic." United States v. Hood, No. 5:18-CR-5-KDB, 2021 WL 3476142, at *1 (W.D.N.C. Aug. 6, 2021) (collecting cases). Thus, Defendant's incarceration during the pandemic does not constitute an "extraordinary and compelling" circumstance warranting early release.

In addition, the Court concludes Defendant has failed to carry his burden to sufficiently establish that the *combined* impact of Defendant's underlying health conditions, the threat of the COVID-19 pandemic, and the conditions of his confinement within the Bureau of Prisons' system warrants a sentence reduction under § 3582(c)(1)(A)(i).[2] Indeed, Defendant tested positive 'with bad symptoms [sic], coughing up blood and mucous [sic]," and received treatment and care resulting in a full recovery.

In concluding here that Defendant has not shown extraordinary and compelling circumstances, the Court recognizes it is "empowered . . . to consider *any* extraordinary and compelling reason for release" and the Court has done so by considering all reasons Defendant has raised in the instant motion. United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original).

---

[2] See e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) ("Here, Mr. Kibble identified three circumstances that, collectively, qualified as extraordinary and compelling: (1) the uncontrolled spread of COVID-19 at FCI Elkton, (2) his tricuspid atresia, and (3) his non-alcohol related cirrhosis of the liver. The district court agreed and so found. At the time of Mr. Kibble's motion, nearly 25% of Elkton's population had contracted COVID-19; nine inmates had died as a result. The ACLU of Ohio and the Ohio Justice & Policy Center had named FCI Elkton as a defendant in a class action suit challenging the facility's conditions of confinement during the pandemic. And, at the time of Mr. Kibble's motion, Elkton was subject to a preliminary injunction aimed at correcting the facility's mismanagement. See Wilson v. Williams, 455 F. Supp. 3d 467, (N.D. Ohio 2020), vacated by Wilson v. Williams, 961 F.3d 829, 833 (6th Cir. 2020). This combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case."). In contrast, Defendant here has failed to provide a sufficient combination of factors to support a finding of extraordinary and compelling reasons.

Even presuming Defendant could sufficiently met his burden of establishing an "extraordinary and compelling circumstance" for a sentence reduction, the Court denies the motion because—under the current record before the Court—it is not warranted under consideration of the applicable § 3553(a) factors. U.S. v. High, 997 F.3d 181, 186 (4th Cir. 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).") In considering the relevant 18 U.S.C. § 3553(a) factors,[3] the Court looks not only to the relevant factors considered by the Court when it initially sentenced Defendant, but also to Defendant's sentence-modification arguments and post-sentencing mitigation evidence provided in support of the instant motion. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7, 2021) (applying Chavez-Meza and Martin to affirm decision in the district court denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)).

In 2016, the Court originally sentenced Defendant to 432 months, and he has served

---

[3] In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

approximately 20% percent of that sentence. The instant motion seeks a reduction to time served. In reconsidering all of the § 3553(a) sentencing factors applicable here, the Court highlights a few, including the nature and circumstances of the offense, as well as the need for the sentence to provide just punishment, afford adequate deterrence, provide Defendant with needed medical care, and protect the public. Defendant led a heroin distribution and money laundering criminal conspiracy that spread 10 to 30 kilograms of heroin throughout the United States. Defendant managed a "local heroin distribution cell in Charlotte" that imported heroin from Mexico. He and his co-conspirators deposited drug proceeds into various funnel accounts, and they then used wire transfers to send these drug proceeds to multiple destinations. This criminal conspiracy distributed between 10 to 30 kilograms of heroin. In addition, the record indicates Defendant threatened a co-conspirator who was cooperating with the Drug Enforcement Administration. And, as noted above, Defendant has only served a fraction of his 432 months sentence, and an early release would not provide just punishment or adequate deterrence. Finally, as indicated above and in the medical records before the Court, Defendant is receiving adequate medical care as needed.

Defendant argues his post-sentencing mitigation evidence demonstrates his rehabilitation. While the Court commends Defendant for his successful participation in these programs while in prison, the completion of these programs is not remarkable and does not rise to the level of exceptional post-sentencing conduct to warrant a sentence reduction. See United States v. High, 997 F.3d 181, 190 (4th Cir. 2021) (recognizing "While these are certainly positive factors, they are much more similar to the various educational courses Chavez-Meza had taken in prison than to the exceptional post-sentencing conduct of the defendants in Martin and McDonald." (citing Chavez-Meza, 138 S. Ct. at 1967; Martin, 916 F.3d at 396; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021)).

In sum, Defendant has failed to show "extraordinary and compelling reasons" to warrant a sentence reduction, and even accepting his arguments otherwise, the Court declines to reduce Defendant's term of imprisonment from 432 months to time served because consideration of the applicable § 3553(a) factors counsel against such modification in this case. For these reasons, the Court denies Defendant's Motion for Compassionate Release.

IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court DENIES Defendant's Motion for Compassionate Release (Doc. Nos. 101, 112).

IT IS SO ORDERED.

Signed: April 12, 2022

_____
Frank D. Whitney
United States District Judge